### Bernard H. Seitman v. Bernard Seitman.

1.  LANDLORD AND TENANT—*Sufficient Notice to Quit under Sec. 6 of Ch. 80, R. S.*—Sec. 6 of Ch. 80, R. S., provides that in all cases of tenancy from year to year, sixty days notice, in writing, shall be sufficient to terminate the tenancy at the end of the year. The notice may be given at any time within four months preceding the last sixty days of the year.

**Forcible Entry and Detainer.**—Appeal from the County Court of Effingham County; the Hon. DAVID L. WRIGHT, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

R. C. HARRAH and BARNEY OVERBECK, attorneys for appellant.

CHARLES H. KELLY and SYLVESTER F. GILMORE, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an action of forcible entry and detainer, brought

by appellee against appellant to recover possession of the northwest fractional quarter of section No. 18, in township No. 7 north, range No. 7 east of the 3d principal meridian, in Effingham county, containing forty-five acres of land.

On the 30th of November, 1901, appellee had appellant duly served with the following notice:

"To Bernard H. Seitman: You will please take notice that you are hereby required to quit and deliver up on the first day of March, A. D. 1902, the possession of the house and premises which you now hold of me, situate in the town of Bishop, in the county of Effingham, and State of Illinois, more fully described as follows, to wit: Northwest fractional quarter section 18, town 7 north, range 7 east of the 3d P. M., provided your tenancy commenced at that time of the year; or otherwise that you quit and deliver up the possession of the premises now occupied by you at the end of the year of your tenancy which shall expire next after the end of sixty days from the time of your being served with this notice.

Dated this 21st day of November, A. D. 1901.

BERNARD SEITMAN."

Suit was begun by appellee against appellant on the 6th of March, 1902, before a justice of the peace of Effingham county, and after a judgment was rendered in that court the case was appealed to the County Court of that county, where a jury was waived and a trial was had before the court, which resulted in a judgment in favor of appellee for possession of the land in question and for costs, to which judgment appellant excepted and has appealed to this court.

Appellant does not deny that he is a tenant from year to year, holding the land from appellee, and appellee admits that appellant has regularly paid all the rents as they fell due, and he does not claim that appellant is in default in anything. It will be seen from the notice appellee had served on appellant to surrender possession of the premises, that appellee did not know, or did not remember, when the tenancy began, and he had apparently turned to appellant to fix the time himself, and this appellant has

done in his testimony, wherein he fixes the date of his entry on the premises as January 27, 1897, and in this he is corroborated by other reliable evidence in the case; besides, appellee himself introduced evidence that tended to show that appellant was not mistaken in his testimony as to the time his tenancy began; and in the absence of any written lease between the parties, we are unable to escape the conclusion that a decided preponderance of the evidence shows that the notice to quit given by appellee, and which was served on appellant November 30, 1901, was insufficient by two days to fulfill the requirements of section 6, of chapter 80, of Hurd's R. S., which is as follows:

"6. In all cases of tenancy from year to year, sixty days notice, in writing, shall be sufficient to terminate the tenancy at the end of the year. The notice may be given at any time within four months preceding the last sixty days of the year."

We are therefore of the opinion that the County Court erred in rendering judgment against appellant, and for this error the judgment is reversed and the cause remanded to that court.